### EDWARD SMITH & CO. v. C. SCHRACK & CO.

(Court of Appeals of District of Columbia. Submitted May 11, 1926. Decided June 1, 1926.)

No. 1858.

1. Trade-marks and trade-names and unfair competition ⬅️44.

Right of one opposing registration, under 10-year clause of Trade-Mark Act of 1905 (33 Stat. 724), of the words "The Oldest Varnish Makers in America," to be heard, is dependent on showing of damage.

2. Trade-marks and trade-names and unfair competition ⬅️44.

In trade-mark opposition proceeding, motion to reopen case for taking of additional testimony was addressed to sound discretion of Commissioner.

3. Trade-marks and trade-names and unfair competition ⬅️44.

Overruling motion to reopen opposition proceeding for taking of additional testimony, not made until after rendition of Assistant Commissioner's decision, *held* not abuse of discretion.

Appeal from the Commissioner of Patents.

Proceeding by C. Schrack & Co. for registration of particular words under the 10-year clause of the Trade-Mark Act of 1905, opposed by Edward Smith & Co. From a decision dismissing the opposition, opposer appeals. Affirmed.

W. B. Morton and G. J. Hesselman, both of New York City, for appellant.

H. F. Riley, of Washington, D. C., and F. A. Blount, of Philadelphia, Pa., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BAILEY, Justice of the Supreme Court of the District of Columbia.

ROBB, Associate Justice. Appeal from a decision of the Patent Office, dismissing appellant's opposition to the registration by appellee, under the 10-year clause of the Trade-Mark Act of 1905 (33 Stat. 724), of the words "The Oldest Varnish Makers in America," as used on varnishes. The Patent Office has held that appellee has established actual and exclusive trade-mark use of these words during the 10-year period, which ruling, of course, necessarily is accompanied by the further ruling that appellant has not used these words as a trade-mark during such period.

[1] The right of appellant to be heard is dependent upon a showing of damage. Wilson v. Hecht, 44 App. D. C. 33; McIlhenny v.

New Iberia Extract of Tobasco Pepper Co., 30 App. D. C. 337; Tim & Co. v. Cluett, P. & Co., 42 App. D. C. 212. We have examined the record, and concur in the view of the Patent Office that appellant has failed to sustain this burden.

[2, 3] After the final decision of the Assistant Commissioner, an application was made by appellant to reopen the case for the taking of additional testimony. In disposing of this motion, the Assistant Commissioner said: "The time for bringing a motion to take additional testimony was immediately after the decision of the Examiner of Interferences was rendered. The delay until the rendering of my decision, which added no new holdings over what had been decided by the Examiner of Interferences, before bringing the motion to add new testimony, is believed to warrant the denial of the motion. The hardship of returning this contested case again to the Examiner of Interferences, and obliging the applicant to begin its contest anew, is not justified, in view of all the circumstances here presented."

This motion was addressed to the sound discretion of the Assistant Commissioner, and certainly no abuse of that discretion has been shown. The decision is affirmed.

Affirmed.